The next case for argument is 16-2-5 Lufthansa v. Astronics Advanced Electronics. The next case for argument is 16-2-5 Lufthansa v. Astronics Advanced Electronics. May it please the court. The district court's ruling below includes two critical errors. First, an erroneous claim construction that is contradicted by the specification, the prosecution history, and the claim language itself. And secondly, a compounded error of finding indefiniteness based on a concept of a margin of error or tolerance that is nowhere in the intrinsic record. Turning first to the claim construction issue, the district court said that a zero time difference in the timing element of a claim was disclaimed based on the prosecution history. This court's test for a disclaimer is that it has to be intentional, clear, and unmistakable. Well, it seems to me you had the simultaneous language in there. You were facing a rejection because of the crane reference. And then you took it out. And you took out the word simultaneous and exchanged it for subsequent. And that seems very clearly to have been the basis upon which you ultimately allowed, right? Is this an accurate summation of the history? Yes, but the crux is why the rejection was there. And it wasn't over crane. The rejection, there was an original rejection, Chief Judge Prost, over crane. And on appendix pages 315 and 316, the prosecutors add in this simultaneous A subset and B subset predetermined maximum time. Then the examiner on pages A322 and A323 says it's redundant, and so it's indefinite, and it's redundant, and so it doesn't deal with crane. But the examiner never disputed the distinction that the prosecutors made at A316, that the difference between this invention and crane is that crane was a single detection. It was a light beam, single detection. And that this invention had two separate detections of separate pins. That was the basis to distinguish crane. And there is no rejection of that. There's no dispute about that. Let's go back to the simultaneous detection. Yeah. Okay, the word simultaneous is included in the claims. Correct. You removed the word simultaneous from the claims. Right. And now you argue that it should be included. No, no. This is the key point, is that on page A22, 322, and A323, the examiner says both condition A that predetermined maximum includes a zero time difference. The examiner said both conditions include a zero time difference. So in changing from simultaneous, you're not giving up the zero time difference. It's already included in condition B. They changed the language to end the redundancy and to make clear that it's two separate detections. And then at pages A329 and A330, they say, look, we're changing this to get rid of the redundancy, to have only one term because you were concerned about the redundancy. We still distinguish crane because we've got two separate detections. Nobody thought, there's absolutely no evidence in that prosecution history that they were getting rid of zero time because the examiner- But you didn't say, accepting your argument, just following it through about two separate detections, you could have then, if that were the case, you could have kept the word simultaneously in the revised claim language. You could have said only if they are simultaneous detection between the first and the second. Potentially they could have, but the problem was the examiner said it was redundant. And so they took out simultaneous because the examiner focused on that as being redundant. Redundant to what? Redundant to less than a predetermined maximum. The examiner said, the way the claim language reads now is, detecting, only if the time between the detection of the first contact pin and the subsequent detection of the second contact pin of the plug does not exceed a predetermined maximum. You wanted to claim both simultaneous detection and subsequent detection up to a predetermined time value. Sure. Yes. But my point is that they did include that. The examiner said you can't do that because if you're claiming subsequent detection, that's going to include simultaneous. Right. That's right. It's going to include simultaneous. It's going to include it definitionally because less than a predetermined maximum includes zero. That's the point. And so in order to get rid of the redundancy, they got rid of the word simultaneous and they added the word subsequent. And subsequent in this context doesn't have a temporal meaning, at least not necessarily. And we show in the specification, right, that a zero time difference is both the ideal case and a preferred embodiment. It seems to me that you amended and you rejected the limitation simultaneous in order to save the patent from being indefinite. But it was only because the terms were redundant. And the whole point is they smoothed out the subsequent. And the point is when you look at the prosecution history, Judge Reyna, it's very clear that the examiner thought that both simultaneous and... I understand that. You sought to clarify. Yes. Clarify. But in doing so, you actually rejected a very significant claim limitation. No. But that's the point. They didn't reject the claim limitation. And now you're clarifying before us. Well, I'm trying to explain what the prosecution history says. And when you look at it and piece it together, I think this is at least reasonable here for the prosecution history. Nobody thought they were disclaiming the zero time difference. They were simply taking out the word simultaneous and adding the word subsequent to clarify that it's a single... Did Crane include simultaneous detection? Did Crane include simultaneous detection? Well, I think the answer is... They said the examiner seems to think it includes simultaneous detection. And so we're saying we're different. And the only thing Crane did was a single detection. There's no concept of a zero time difference in Crane. The only way you got past Crane at the prosecution stage is by eliminating the word simultaneous. Well, again, the rejection on Crane at that point was only for redundancy. It wasn't that it's not innovative or it's the same as Crane. It was just that this was redundant language. And therefore, the examiner said it was unclear, both with respect to indefiniteness and with respect to Crane. The prosecution history says the same thing with respect to both. Can I move you off before your time runs out? Sure. I speak only for myself, obviously. But I find somewhat persuasive your friend's alternative argument with respect to control means. That that's the indefinite, leaving aside the basis upon which the district court relied for indefiniteness. But their alternative, that he rejected the notion that control means was indefinite because he described it as a structure, was logic elements, yada, yada, yada. And I'm having a hard time. I mean, logic elements isn't mentioned anywhere in the specification. I'm having a harder time concluding that control means is definite. Well, logic elements aren't disclosed, but the specification discloses a voltage switch as part of the control means. That's at appendix page 54, lines 5 to 10. But the voltage switch doesn't do the job by itself. Well, it's part of it, though. It's part of the structure. But where is the rest of the structure? So, there are basically four components to the structure. We're looking at box 60, right? Right, box 60. But if you look at the specification that describes box 60. Why don't you show it to me? It'll be easier for me to follow along. It's in the patent. So, at appendix page 48, it gives you one of the drawings of box 60. But when you look at the... And so, it's a black box. Box 60, are we looking at figure 4? Well, I'm on figure 1 and figure 4. It's in both. But if you look at figure... For example, if you look at figure 3, which might be more clear. I mean, box 60 is what you're pointing to as the structure, right? No, it's the drawing. It's a black box, but then the specification explains... What box 60 is. Yeah, what box 60 is. And it says that there's a voltage switch that's part of box 60. Wait, I mean, this is what I wanted you to show me, not the picture. Okay, I'm sorry, I'm sorry. So if you look at appendix at page 54, lines 5 through... Can you just give us the column? It is column... I'm sorry, if you look at... It's column 5. Yeah, it's column 5, lines 5 to 10. The control and supervision unit 60 further comprises a voltage switch by means of which the supply voltage of 110 volt 60 hertz can be applied to the internal supply lines. The supply lines connect the control and supervision unit to the line supervision detector connected to the short circuit detector. Where does that say anything except box 60 is a voltage switch? It says comprises a voltage switch. But it doesn't say anything else. Well, it says... Is it actually a WFS problem? So there, again, the control... It's read in other words, but they're not there. Right. The only thing that isn't in the specification specifically is the internal circuitry. But what Dr. Collins testified the logic element was, was circuitry. The only thing that's missing when you have a voltage switch and supply lines and signal lines going into the box is the circuitry that actually operates the switch. And what Dr. Collins testified is somebody skilled in the art would understand what circuitry to build there. And this court has held in repeated cases that the absence of internal circuitries in the specification isn't a problem for indefiniteness. That's the only thing that was missing. And that's the only thing the logic elements were, were internal circuitry. Everything else, the switch, the lines is there. And so based on this court's precedent, this is sufficiently definite for somebody skilled in the art to understand the balance of the planes. I'm cutting into my reply time. Okay. Why don't we hear from the other side? Good morning, your honors. May it please the court, I'm Jonathan Fryman on behalf of the appellee. I'd like to start with the 112F, the alternative grounds for affirmance. Yeah. Can you respond actually to start off where your friend left off, which is why the district court, his description, he described the structures, logic elements to receive and transmit internal and external signals and configure to activate at switches based on those signals. Well, the first thing is that the specification doesn't say logic elements. Well, that's a word. But why isn't what your friend pointed us to in the specification specific to draw those conclusions? The voltage switch? Well, the unit here, the function is being claimed in the means plus function claiming here are control and supervision. The voltage switch doesn't control or supervise. It's not doing the timing detection or determining whether they're both there at the same time after they've been inserted. So it's just an on-off switch. You can't do the controlling or the supervising. We're talking about the brains here, the control and supervision unit. And in case after case where this court has construed a means plus function claiming of a control box, a control unit, any similar language, it said, you have to disclose the It's not enough that a skilled artisan can imagine one or more structures that in fact could fulfill the function. That's pure functional claiming. That's not enough. So the voltage switch can't do it. That's just, again, an on-off switch that the brains will tell it what to do. There's just inputs. Now, when he gets up on rebuttal, ask him to point where in the specification it shows you what is actually doing the controlling and supervising. Not what are the wires in, what are the wires out, but what's in the brains, what's doing. If the specification had included voltage switch and controller, you would still say it's indefinite because it just says controller. That would just be reiterating control units. Now, it would be harder. I didn't hear what you said. Yeah, that would just be reiterating control box or control unit. To say controller is just a synonym for that. Again, there's no structure that's provided there. It's just saying the function, it controls. That's a function. There needs to be a structure. That's the question, as this court has said repeatedly. Again, the question isn't, can we get a skilled artisan to look at the specifications and imagine a structure? Biomodino makes it very clear that that's not the standard. The question is whether a skilled artisan would read the specification to clearly claim the structure. I think you can describe it either way, to be honest, or you could say that the court clearly erred by applying the wrong legal standard under Biomodino, or you could simply say that there was clear error in relying on an expert opinion that applied the wrong legal standard. What do we do if we reach that conclusion? Do we vacate and remand for a new determination of indefiniteness under a proper standard, a new factual finding? Not in this circumstance, Your Honor, because the question is whether there is any evidence of record whatsoever that can support the notion that a skilled artisan would read the specification to disclose the structure. There's no such evidence. In light of that, the court simply affirms on the alternative ground and finds that the patent is indefinite for lack of structure in the means plus function claiming. If there are no further questions about the means plus function claiming, I'll turn to the grounds of the district court's decision. Again, as Your Honor has noted, what we have here in the prosecution history is a clear situation where the patent said both simultaneous and predetermined maximum time, and then the applicant removed simultaneous in response to the examiner's rejection and added subsequent. It's very clear that there's a disclaimer of simultaneous, and it's very clear that the expert testimony before the district court at the time of claim construction was that a disclaimer of simultaneous, if it happened, necessarily included some tolerance. That was unrebutted expert testimony of claim construction. What they've done in order to try to muddle the record is- No, I'm not clear. Let's assume we accept what the district court said about simultaneous, that simultaneous is excluded. What he or she, I don't remember who it was, says is we're still not clear because simultaneous, we don't know what it means. All the experts said that simultaneous means the time from zero seconds to a tolerance value. Is that what we're down to, that the district court said, well, we don't know what the tolerance value is? That's what makes the claim indefinite? That's right, Your Honor. That's what I understood his argument to be. That's right, yes. You're saying that it's the tolerance value. It's the fact that that's indefinite. It strikes me that given the expert testimony, tolerance value was not indefinite, under our cases at least, the way we describe our- Well, the first question in terms of determining if the district court clearly erred in its analysis of the subsidiary factual question of what the tolerance was, according to the expert testimony, is what was the evidence that the district court actually had before it at the time of claim construction? Not what was submitted later in a motion for reconsideration or after the judge said not to send them any more stuff at the summary judgment phase on at the Markman hearing. What he had before him was astronautics experts saying, well, you can't figure out what the tolerance is. It could be a wide range. One skilled in the art doesn't know. In fact, it's a subjective decision. What you have from Lufthansa is Lufthansa's expert saying at his deposition, well, there is some tolerance here. No, I don't know what it is. I don't know if it's a half second or a millionth of a second. That's a huge difference, Your Honor. We're not talking about something that's meaningless. We're talking about the tolerance could be so big that we really don't know what is subsequent and what is simultaneous plus tolerance. That was the district court's factual finding on all of the extrinsic evidence before it at claim construction. Of course, that's subject to clear error review under TEVA. Now, did the district court err in refusing to consider the second expert report, which was submitted in a motion for reconsideration? Separate question. There, the judge said, well, our local rules say you can't submit another expert report at reconsideration if you could have submitted it to start with. There, it was clear. We'd made the assertions of indefiniteness from the beginning on this basis. We'd submitted an expert report on this basis. We'd raised this issue at depositions on this basis. We had briefed it at the Markman hearing. They'd submitted a rebuttal expert. They just chose not to address this issue. Then, they wait until after claim construction and submit it along with the motion for reconsideration. Well, according to the district court's local rules, we didn't even have a chance to respond to the motion for reconsideration because the court doesn't want to waste its time on that stuff if it looks at a motion for reconsideration and sees that stuff could have been submitted earlier. So it just denied the motion for reconsideration. They didn't challenge that. They didn't say the court erred in its motion for reconsideration decision. So the second report is, it's just not relevant. It's not relevant to the question of whether the district court clearly erred under TEVA in resolving the question of the extrinsic evidence before at the Markman hearing. The third expert report, again, that they point to throughout their briefs and try to create questions of disputed fact on, again, that's submitted at summary judgment after the court has already said, I've made my determination at claim construction that the patent is indefinite, and I don't want to hear argument on it again because you could have told me all about it during our entire regular process. You didn't do that. I don't want more factual dispute. The only purpose of the summary judgment process at this point is, I found that the patent is indefinite. If the patent is indefinite, is it invalid? You can brief that question if you want to. It's sort of an obvious answer. And if it's invalid, can it be infringed? Again, brief it if you want to. The answer is obvious. He gives them a chance to brief it, and then he grants summary judgment after that. If there are no further questions, Your Honors, I thank the court. All right. So, a lot to cover here. First, I'll talk about- Why don't you start with the last point? If we agree, the district court excluded all of the expert testimony on the second round. Without that testimony, where are you at in terms of making the argument on zero tolerance or whatever it is? So, we're fine without the expert testimony. And first of all, the district court didn't exclude that second declaration. That's absolutely incorrect. The record makes clear nobody challenged the second declaration. When did the second declaration come in? On reconsideration. But the district court never said that it was excluding that. But the first declaration, which nobody challenges, includes this. So, for example, their expert, Mr. Bajek, concedes in his expert report, Appendix 462, Paragraph 39, that the tolerance he's talking about is a normal tolerance. He then concedes in his deposition that he's not rendering an indefiniteness opinion on that at all. Our expert, Dr. Collins, in his deposition specifically says that the claims are discernible with a disclaimer and that somebody skilled in the art would understand tolerances and what they were. That's Appendix 425 to 426. My opponent says that the expert said it could be one millisecond or half a second. That's not what he said. That was the question that was asked. And he said, look, I'm not, he didn't answer that question. He said, but you have to look at it as the context. What's the device? What's going on? Somebody skilled in the art would understand the tolerance. That's the evidence. And that's in before reconsideration. That's in before claim consent. Didn't the district court say that it did not rely on any expert evidence? The district court, yeah, the district court may have said that, but the point is that there was no evidence supporting this tolerance other than the expert evidence. There's no, this word tolerance, this concept is not in the prosecution history, the spec or the claims. So the only thing he could possibly have relied on there was expert evidence. There was no other evidence. That's why we say this should have been a summary judgment issue for the jury, not for the judge to decide, because there was nothing in the intrinsic record that goes to this tolerance issue. If I could turn for a minute to the means plus function element, if I could direct the court's attention to Appendix 55, Column 7, Lines 44 to 59. There the specification says, if this contact time is below, what's the line number? Sorry, it's Lines 44 to 59, and I'm quoting a piece of that right here. It says, Column Supervision Unit 60 applies the supply voltage to the supply line 20 by means of an internal voltage switch. So it's saying that the control unit is in fact the internal voltage switch, and that is enough structure. I would submit this court has had case after case where it has said that a black box where the only thing is missing is circuitry, which is the only thing that's missing here is sufficient. It said that in technology licensing versus video tech, it said in telecordia, and several other cases. So you've got the voltage switch which performs the function, and the only thing that's missing is internal circuitry. The last point I'd like to turn to for a minute is going back to the supposed disclaimer. I direct the court's attention to Appendix 322 to 323. Let me read, this is on our brief at page 34. It says, Condition A, this is simultaneous, is a subset or special case of Condition B. This is the examiner's rejection. If Condition A is met and the two contact pins are detected simultaneously, then Condition B is automatically met. The only thing they were doing was collapsing these two conditions, and it is absolutely clear that the examiner thought that zero time was included in both A and B. If you collapse them, then zero time has to be included. Thank you.